Gaston, Judge.
Upon examining the instructions which were given to the jury in this case, we discover no error of which the plaintiff has cause to complain.
There is an opinion, however, expressed in these instructions, which we apprehend to be erroneous, and which, had the verdict and judgment been in favour of the plaintiff might have justified a reversal of the judgment upon the appeal of the defendant. And we notice this opinion now, because we have reason to believe from our meeting with it not only here, but in a case tried before another learned Judge, that it is of importance to check it before it receive a too general acceptance. His Honor was of opinion, and so charged , the Jury, that if the defendant, having purchased William Kemp’s life estate in the negro woman Ruth, had in 1810, sold the negro out and out, and subsequently William Kemp had died, living.the said negro, then the persons entitled in remainder, might have maintained an action of trover and conversion against the defendant, because of that conversion. We think they could not. To maintain this action, it is indispensable that the plaintiff should shew a conversion by the defendant of property whereunto the plaintiff, at the time of that conversion, had a present right of possession. It is certain that an action could not have been brought for this alleged conversion, during the life of William Kemp, because the right of possession had not then accrued to the ultimate proprietors. Gordon v. Harper, 7 *326 Term. 9, Andrews v. Shaw, 4 Dev. 70. And it follows as clearly, we think, that it could not lie after the death of William Kemp, when the right of possession accrued, because there was no act of conversion thereafter. Upon the death of William Kemp, the rightful proprietors being entitled to the possession, might have demanded their property from any person having possession thereof. And a withholding of it then, would have been, on the peri of such a person, an act of conversion,,for which they might have brought trover. What redress they could have against the tenant for life — . who by a previous alienation of the subject matter of his and their property might have defeated the beneficial enjoyment of their right,, when the time for its enjoyment arrived— is a question well worthy of consideration. But trover could not be maintained against him.
The judgment below is affirmed with costs.
Per Curiam. Judgment affirmed.